**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1520 |
| Plaintiff - Appellee, | D.C. No. 3:22-cr-01886-BAS-1 |
| v. | MEMORANDUM* |
| ISIDRO ROMERO-CORONA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted September 10, 2024**
Pasadena, California

Before: IKUTA and FRIEDLAND, Circuit Judges, and HSU, District Judge.***

Isidro Romero-Corona appeals his conviction and sentence for attempted

unlawful reentry under 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Wesley L. Hsu, United States District Judge for the Central District of California, sitting by designation.

§ 1291, and we affirm.

1.  Romero-Corona contends that the admission at trial of statements he made to a Border Patrol officer violated his Fifth Amendment rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).  We decide that question de novo. *United States v. Cabrera*, 83 F.4th 729, 734 (9th Cir. 2023).

As Romero-Corona acknowledges, we have already rejected that argument in very similar circumstances.  *See, e.g.*, *id.* at 735.  The relevant questions are whether the Border Patrol officer had reasonable suspicion to stop Romero-Corona, whether the stop involved limited and reasonable restraint, and whether the officer's questions were reasonably related to the justification for the stop.  *Id.* at 734-35 (explaining that *Terry v. Ohio*, 392 U.S. 1 (1968), provides the relevant inquiry).

The circumstances here all indicate that the stop was a permissible *Terry* stop.  The Border Patrol officer found Romero-Corona hiding behind a bush a short distance from the border, providing reasonable suspicion that Romero-Corona had entered the country unlawfully.  Under our caselaw, the stop was not "overly intrusive." *Cabrera*, 83 F.4th at 735.  The officer directed Romero-Corona to sit next to the officer's Border Patrol truck, and the officer asked four questions over the course of about thirty seconds.  The officer did not brandish his weapons and did not handcuff Romero-Corona.  Finally, the officer's questions were

reasonably related to the justification for the stop. Romero-Corona argues that the questioning here went beyond "a typical immigration inspection" because the officer asked not only about Romero-Corona's citizenship, country of birth, and possession of immigration documents, but also about whether he was "here illegally." We disagree. That question did not materially differ from the questions we have treated as permissible, and it was reasonably related to the officer's justification for stopping Romero-Corona. *See United States v. Galindo-Gallegos*, 244 F.3d 728, 729, 732 (9th Cir. 2001) (holding that a stop was proper where officers asked the people stopped "whether they had a legal right to be in the United States").

2. Romero-Corona next argues that the district court erred in refusing to apply an acceptance of responsibility reduction when calculating the applicable Guidelines sentencing range. We review the district court's factual findings related to acceptance of responsibility for clear error, and we review de novo whether the district court correctly applied the law. *United States v. Green*, 940 F.3d 1038, 1041 (9th Cir. 2019).

The district court did not clearly err in concluding that Romero-Corona had not accepted responsibility, and it did not base its conclusion on his decision to go to trial. Romero-Corona points to facts that could be consistent with an acceptance of responsibility, such as his truthful answers to the Border Patrol officer's

23-1520

questions.  But he points to no evidence demonstrating that he actually "show[ed] contrition or remorse" as required to be eligible for the adjustment.  *United States v. Nielsen*, 371 F.3d 574, 582 (9th Cir. 2004).

3.  Romero-Corona also contends that the district court erred by failing to address several of his mitigation arguments under the 18 U.S.C. § 3553(a) factors.  The district court explained that a 41-month sentence was "sufficient but not greater than necessary" because Romero-Corona had numerous prior convictions for unlawfully entering the United States and because his most recent 34-month sentence did not "seem to have deterred [him]."  The court did not explicitly explain its thinking on Romero-Corona's arguments about his age, lack of family relationships, limited education, poverty, and many years working in agriculture in the United States.  The district court also did not address Romero-Corona's argument that a lower sentence was merited because he was likely to face custody for violating the terms of his supervised release, or because the government had offered him a plea agreement for an offense that had a maximum custodial sentence of 24 months.

We review a district court's sentencing explanation for abuse of discretion.[1]

_____

[1] The Government contends that we should review this issue for plain error because it was not properly preserved.  Romero-Corona contends that, in context, his objection at sentencing "on procedural grounds" preserved this argument.  Because we conclude that the district court did not abuse its discretion, we need not decide whether the more stringent plain error standard applies.

*United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We conclude that the district court did not abuse its discretion. The court orally explained the primary reasons for the sentence. Given the relative simplicity of the case, and given that the court indicated at the outset of the hearing that it had reviewed the relevant materials, no more was required. *See id.* at 992 ("[A]dequate explanation in some cases may . . . be inferred from the [Presentence Report] or the record as a whole. What constitutes a sufficient explanation will necessarily vary depending upon the complexity of the particular case.").

4. Finally, Romero-Corona argues that his sentence is substantively unreasonable. Reviewing for abuse of discretion, *id.* at 993, we conclude that the district court did not abuse its discretion in imposing a low-end Guidelines sentence in light of the circumstances, including Romero-Corona's multiple prior convictions for the same offense.

**AFFIRMED.**